UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMAR JO MONN WILLIAMS, <br> Plaintiff, <br> v. <br> THE STATE OF CA DEPT. OF CORRECTIONS, et al., <br> Defendants. | Case No. 16-04845 EJD (PR) <br><br> **ORDER OF DISMISSAL** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at the Salinas Valley State Prison ("SVSP"). On January 4, 2017, the Court dismissed the complaint with leave to amend to attempt to correct certain deficiencies. (Docket No. 8.) Plaintiff's subsequent first and second amended complaints were also deficient and dismissed with leave to amend. (*See* Docket Nos. 21, 27.) Plaintiff was granted one final opportunity to file a third amended complaint to attempt to state sufficient facts to state a cognizable § 1983 claim. (Docket No. 27 at 2.) Plaintiff's third amended complaint is now before the Court for an initial review. (Docket No. 30, hereafter "TAC.")

///

## DISCUSSION

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Claims**

Plaintiff claims the door to his cell had a defect which was known by staff, and that although he made requests for work orders to fix the door, "nothing was done at all." (TAC at 3.) Plaintiff claims that on October 27, 2015, Defendant Ayose "was not paying attention" such that his left leg became crushed in the cell door. (Id.) Plaintiff claims he need physical therapy and that he has pain in his leg and back. (Id.) Plaintiff indicates that he has not exhausted his administrative appeals, stating that the first formal level "was sent back saying [I] did not file myself."[1] (Id. at 2.) Nevertheless, if the court determines that a claim is, "on its face," frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief, the claim may be dismissed without first requiring exhaustion. See 42 U.S.C. § 1997e(c)(2).

---

[1] Plaintiff indicated "No" to the question "Is the last level to which you appealed the highest level of appeal available to you?" (TAC at 2, section E.) Plaintiff explains in the next section that he did not understand the grievance procedure. (Id., section F.)

2

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on prison officials to provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, id. (citing Wilson, 501 U.S. at 297).

Here, the only defendant named by Plaintiff is Officer Ayose, who was in the building tower control at the time of the incident. Even if the Court assumes that a defective cell door is an objectively, sufficiently serious safety concern, Plaintiff fails to show that Defendant Ayose had a sufficiently culpable state of mind. Specifically, there is no allegation that Defendant Ayose was personally aware that Plaintiff's cell door was defective and that he acted with deliberate indifference with respect to Plaintiff's safety. Rather, Plaintiff alleges that Defendant Ayose "was not paying attention," which is negligence at best. (TAC at 3.) However, neither negligence nor gross negligence will constitute deliberate indifference. See Farmer, 511 U.S. at 835-37 & n.4; see also Estelle, 429 U.S. at 106 (establishing that deliberate indifference requires more than negligence). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837. As mentioned above, there is no allegation that Defendant Ayose

3

knew of and disregarded an excessive risk to Plaintiff's safety. Accordingly, Plaintiff fails to state a claim against Defendant Ayose.

The Court advised Plaintiff that a third amended complaint would be his final opportunity to attempt to state sufficient facts to support a cognizable claim under § 1983. (Docket No. 27 at 2.) Accordingly, no further leave to amend shall be granted.

## CONCLUSION

For the foregoing reasons, this action is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1),(2). The Clerk shall terminate any pending motions and close the case.

**IT IS SO ORDERED.**

**Dated:** 11/13/2018

EDWARD J. DAVILA
United States District Judge